UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM SCOTT,<br><br>             Plaintiff,<br><br>       v.<br><br>KING COUNTY; DEPUTY DAVID CISSNA;<br>and UNKNOWN OFFICERS,<br><br>             Defendants. | CASE NO. C11-921RSM<br><br>ORDER ON SUMMARY JUDGMENT |

       Plaintiff William Scott, appearing through counsel, filed this complaint for civil rights violations and assault and battery. Dkt. # 1. He invokes the jurisdiction of this Court pursuant to 41 U.S.C. § 1983 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim. The complaint arises from an event that occurred on June 21, 2008, when plaintiff was hit in the leg by a patrol car while fleeing on foot from impending arrest. Plaintiff asserts that he was subjected to excessive force within the meaning of the Fourth Amendment when he was pinned against a wall by the patrol car until an ambulance arrived to take him to the hospital to treat his broken leg. Plaintiff subsequently entered a plea of guilty to charges of taking a motor vehicle without permission, attempting to elude pursuit, and negligent driving, and was sentenced to a term of twenty-nine months.

       Defendants moved for summary judgment, contending that (1) plaintiff was not "seized" within the meaning of the Fourth Amendment because Officer Cissna did not intentionally strike and pin plaintiff; instead he lost control of the car when he rounded a corner and braked suddenly to avoid

ORDER - 1

hitting the car that plaintiff had abandoned; and (2) Officer Cissna is shielded from liability by qualified immunity. Defendant also moved for summary judgment on the assault and battery claim as barred by the applicable two-year statute of limitations. Defendant properly supported the summary judgment motion with a declaration by Officer Cissna, explaining the factual basis for the motion, particularly the facts regarding his lack of intent to hit plaintiff and his concern that moving the car to free plaintiff before aid arrived could cause further injury. Fed.R.Civ.P. 56(c); Declaration of David Cissna, Dkt. # 9.

Plaintiff filed a brief opposition to the motion, with the conclusory assertion that there are factual issues regarding whether Officer Cissna struck plaintiff purposefully to punish him for fleeing, and also whether he kept his vehicle in position to pin plaintiff for "improper reasons." Plaintiff's Opposition, Dkt. # 13, p. 2. Plaintiff did not present any evidence to controvert Officer Cissna's sworn declaration or otherwise create a factual issue, but he asked for a continuance pursuant to "Rule 56(f)" [sic] so that counsel could contact his client (who was incarcerated at the time this action was filed) to obtain evidence. *Id*. The balance of plaintiff's opposition contains dates and references which appear to be from a different case,[1] and cite to a prior version of Rule 56. Dkt. # 13, pp. 2-5.

Plaintiff's opposition was supported by declaration of counsel, noting that by agreement, no discovery has taken place, and stating that "I believe that I can clear this matter up and discover what actually happened once I am able to review this matter and defendants' motion with my client. At the very least, I would like the opportunity to obtain a declaration from plaintiff and to depose the deputy." Declaration of Darryl Parker, Dkt. # 16, ¶ 6.

In response, defendants re-noted the summary judgment motion to December 9, 2011, giving plaintiff an additional three months beyond the original noting date to respond. Dkt. # 20. Defense counsel also communicated with counsel for plaintiff several times in October 2011, advising counsel of plaintiff's address following his release from incarceration. Declaration of Daniel Kinerk, Dkt. ## 22, 23. Nevertheless, plaintiff has not responded further to the motion for summary judgment, despite being given additional time as requested.

---

[1] Plaintiff states that this case was filed on June 5, 2009, and trial is set for October 25, 2010. Dkt. # 13, p. 2. Actually, the complaint in this action was filed June 2, 2011, and no trial date has been set.

ORDER - 2

Pursuant to Local Rule CR 7(b)(2), failure to file papers in opposition to a motion may be deemed by the Court as an admission that the motion has merit. Plaintiff here is represented by counsel who, as a member of the bar of this Court, must be familiar with this rule. Local Rule GR 2(e)(1). The Court therefore finds it appropriate to deem plaintiff's lack of opposition as an admission that the motion for summary judgment has merit.

Accordingly, defendants' properly supported motion for summary judgment (Dkt. # 7) is GRANTED, and this action is hereby DISMISSED. The Clerk shall enter judgment in favor of defendant on all claims.

DATED this 10 day of January 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3